IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK K. CRAYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00833-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Fredrick Crayton's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.[1] The government opposes Petitioner's motion and argues that *Johnson* does not affect Petitioner's conviction or sentence. The Court agrees and will therefore deny Petitioner's motion.

On July 3, 2013, Petitioner pled guilty to one count of acting together with his fellow defendants to assault a federal officer, in violation of 18 U.S.C. §§ 2 and 111, and to a second count of acting together to use a firearm during a crime of violence (the

---

[1] The ACCA imposes an increased prison term upon a criminal defendant convicted of being a felon in possession of a firearm, if that defendant has had three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This catch-all part of the definition of a violent felony has come to be known as the ACCA's "residual clause."

assault on a federal officer described above), in violation of 18 U.S.C. §§ 2 and 924(c). The Court sentenced Petitioner to 48 months in prison on the first count, and a consecutive term of 84 months in prison on the second count. Petitioner did not appeal his conviction or sentence.

Petitioner now moves to vacate, set aside, or correct his sentence, arguing that his conviction for assault on a federal officer "no longer qualifies as a crime of violence" in light of *Johnson*, because "the residual clause of 18 U.S.C. § 924(c)(3)[2] and [the residual clause of the ACCA] are identical." (Doc. No. 1 at 4.) The government opposes Petitioner's motion, arguing that *Johnson* does not apply to § 924(c)(3)(B) and that, in any event, assault on a federal officer under § 111 remains a crime of violence post-*Johnson*.

The Court agrees with the government that, based on recent Eighth Circuit precedent, which is binding on this Court, *Johnson*'s vagueness holding does not apply to § 924(c)(3)(B). In *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), the Eighth Circuit squarely addressed the continued vitality of § 924(c)(3)(B) in light of *Johnson*, and concluded that "*Johnson* does not render § 924(c)(3)(B) unconstitutionally vague." *Prickett*, 839 F.3d at 700.

## CONCLUSION

Accordingly,

---

[2] The clause Petitioner refers to is § 924(c)(3)(B), which defines a "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

2

**IT IS HEREBY ORDERED** that Petitioner Fredrick Crayton's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.
.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2017.